# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**JONATHAN HERNDON,**

        **Plaintiff,**

**v.**           //     **CIVIL ACTION NO. 1:09CV69**
                                  **(Judge Keeley)**

**CITY OF MORGANTOWN,**
a municipal corporation,

        **Defendant.**

## REPORT AND RECOMMENDATION/OPINION

This matter is before the undersigned United States Magistrate Judge pursuant to Defendant City of Morgantown's Motion for Summary Judgment [Docket Entry 9]; Plaintiff *pro se* Jonathan Herndon's Motion to Appoint Counsel [Docket Entry 10]; and Defendant City of Morgantown's Reply to the Motion to Appoint Counsel [Docket Entry 12]. The matter was referred to the undersigned by United States District Judge Irene M. Keeley [Docket Entry 11].

### I. Procedural History

Plaintiff is an inmate at Federal Correctional Institution ("FCI") Morgantown, in Monongalia County, West Virginia. A review of another case filed by Plaintiff (a section 2241 habeas corpus action filed in the Western District of Virginia on May 8, 2009, and transferred to the Northern District of West Virginia on May 11, 2008) provides background for the case at bar. See 5:09cv50, Jonathan Herndon v. Joel Zieglar, Warden. The habeas case indicates Plaintiff was first convicted on two counts of distribution of cocaine in Culpepper County (State) Court in Virginia. He served

over nine months and was then released on parole. In 1995, he was convicted of a similar charge in Spotsylvania County (State) Court in Virginia and served over five years. During his incarceration on the State charges he was charged in the United States District Court for the Western District of Virginia and pled guilty to one count of conspiracy to distribute cocaine base. He was sentenced to 120 months to run concurrent with his State sentence. After his Federal sentencing, Plaintiff was returned to the State of Virginia for service of his State sentences. The United States Marshal placed the plaintiff's Federal sentence with the State of Virginia as a detainer. Apparently the State failed to transfer the Plaintiff's federal detainer to a new prison to which he was transferred, and he was erroneously released from custody in September 1999. On May 11, 2007, Plaintiff was arrested by Federal authorities "for failure to report to the B.O.P at the completion of his state sentence." All these events occurred in Virginia. Finally, it appears Plaintiff was transported to Oklahoma City, then to the Federal Correctional Complex at Yazoo City, Mississippi. He was allegedly ordered to serve the remainder of his Federal sentence by Judge Crigler of the Western District of Virginia. Plaintiff filed his 2241 in the Western District of Virginia, Roanoke Division. Chief United States District Judge James P. Jones transferred the case to the Northern District of West Virginia, for the sole reason that Plaintiff was at the time of his filing incarcerated in the Federal Correctional Institution in Monongalia County, West Virginia.

The case at bar was originally filed in the Circuit Court of Monongalia County, West Virginia on April 27, 2009. It was removed to this Federal court by Defendant on May 20, 2009. There has been no motion to remand filed.

The defendant filed its motion for summary judgment on May 29, 2009. The Court, noting that the plaintiff was proceeding pro se, advised the plaintiff of his right to file counter-affidavits or other responsive material and of the fact that his failure to so respond might result in the entry of

summary judgment against him. Davis v. Zahradnick, 600 F.2d 458, 460 (4th Cir. 1979); Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975).

To further apprise the plaintiff of what was required, the Court advised the plaintiff that summary judgment is appropriate "if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56. He was also advised that when a moving party supports its motion under Rule 56 with affidavits and other appropriate materials pursuant to the rule, the opposing party "may not rest upon the mere allegations or denials of the adverse party's pleadings, but ... the response ... by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e).

A review of the docket in this matter shows that service of the "Roseboro Notice" was accepted on June 16, 2009 [Docket Entry 16]. In the Notice the Court directed Plaintiff to file any opposition to the defendants' summary judgment motion on or before July 3, 2009. As of the date of this Report and Recommendation, Plaintiff has failed to file any opposition or any filing whatsoever.

## II. Discussion

A moving party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). In considering a motion for summary judgment, the court is required to draw reasonable inferences from the facts in a light most favorable to the nonmoving party. Id. at 255.

The moving party has the burden of initially showing the absence of a genuine issue concerning any material fact. Adickes v. S.H. Kress & Co., 398 U.S. 144, 159 (1970). Once the moving party has met its initial burden, the burden shifts to the nonmoving party to "establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). To discharge this burden, the nonmoving party cannot rely on its pleadings but instead must have evidence showing that there is a genuine issue for trial. Id. at 324.

Plaintiff alleges: 1) The "City of Morgantown" (hereinafter "the city") deprived him of his constitutional right to liberty by incarcerating him within the city limits; 2) He is being unlawfully held against his will within the city; 3) The city failed to adequately protect his rights by procedural fault/default of the policy established by the city; and 4) He is presently being held against his will by the city.

Defendant filed its Motion for Summary Judgment, arguing: 1) Neither the City of Morgantown nor the Morgantown Police Department has any knowledge of having any involvement with any of the events that led to the incarceration of the Plaintiff, nor has Plaintiff alleged such knowledge or involvement; 2) The facility (FCI Morgantown) is not located within the boundaries of the City of Morgantown, and is therefore outside its control; and 3) The City of Morgantown has no authority over, or involvement with, any aspect of the Federal Penitentiary System, and therefore has no ability to hold, release or take any action towards the plaintiff's incarceration at FCI Morgantown.

Defendant City of Morgantown attached to its Motion the Affidavit of Dan Boroff, its City Manager. Mr. Boroff states, under oath: 1) The City of Morgantown has no input, direction, supervision, control, or involvement with the Federal Correction Institution located in Monongalia

County, West Virginia; 2) The Federal Correctional Institution in Monongalia County, West Virginia is not located within the city limits of the City of Morgantown, instead being located in an unincorporated area of Monongalia County; 3) The City of Morgantown does not have an authority or control over persons or entities not located within the city limits; 4) The City of Morgantown is not affiliated with the Federal Correctional Institution in any way; and 5) Upon information and belief, the Morgantown Police Department played no role in the investigation, arrest or incarceration of the plaintiff.

As already noted, the Court sent Plaintiff a <u>Roseboro</u> Notice, advising him that when a moving party supports its motion under Rule 56 with affidavits and other appropriate materials pursuant to the rule, the opposing party "may not rest upon the mere allegations or denials of the adverse party's pleadings, but ... the response ... by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). Plaintiff filed no response. Defendant supports its Motion for Summary Judgment with the affidavit of its City Manager. Plaintiff had the burden of setting forth specific facts showing there was a genuine issue for trial. He has not done so. For this reason alone, Defendant's Motion for Summary Judgment should be granted.

More importantly, however, upon review of the Complaint, the Motion for Summary Judgment, the Affidavit of Dan Boroff, and the available facts in this matter, the undersigned finds there is no genuine issue of material fact. Plaintiff was indicted, arrested, sentenced, and incarcerated by the State of Virginia and, later, the Western District of Virginia. He was transferred by the Federal Bureau of Prisons to FCI Morgantown, where he is presently incarcerated. It is undisputed that the City of Morgantown had no involvement in Plaintiff's indictment, arrest, sentencing, incarceration or transfer to FCI Morgantown. It is further undisputed that the City of

Morgantown has no input, direction, supervision, control, or involvement with FCI Morgantown. It is further undisputed that FCI Morgantown is not located within the city limits of the City of Morgantown, and that the city has no ability to exercise authority over an entity located outside the city limits.

In the absence of any genuine issues of material fact, the undersigned United States Magistrate Judge concludes that the defendant is entitled to judgment as a matter of law and recommends the Court grant the defendant's motion for summary judgment. In light of this conclusion, the undersigned further recommends that Plaintiff's Motion to Appoint Counsel [Docket Entry 10] be denied as moot.

### RECOMMENDATION

Based upon the foregoing findings and conclusion, the undersigned United States Magistrate Judge respectfully **RECOMMENDS** that the District Court **GRANT** "Defendant, City of Morgantown's [] Motion for Summary Judgment" [Docket Entry 9]; **DENY** Plaintiff's motion to appoint counsel as **MOOT** [Docket Entry 10]; and **DISMISS** this case with prejudice and strike it from the Court's docket.

Any party may, within ten (10) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such report and recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn,

474 U.S. 140 (1985).

The Clerk of the Court is directed to send a copy of this Report and Recommendation to counsel of record and to mail a copy by certified United States Mail, return receipt requested, to Plaintiff, *pro se.*

Dated:    September 10, 2009.

*John S. Kaull*
**JOHN S. KAULL**
**UNITED STATES MAGISTRATE JUDGE**