IN THE UNITED STATES DISTRICT COURT
                   FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


**JONATHAN HERNDON,**

        **Plaintiff,**

**v.**                          //      **CIVIL ACTION NO. 1:09CV69**
                                               **(Judge Keeley)**

**CITY OF MORGANTOWN,**
**a municipal corporation,**

        **Defendant.**


                **ORDER ADOPTING REPORT AND RECOMMENDATION**

    Pending before the Court is the Report and Recommendation/Opinion ("R&R") (dkt. no. 17), of United States Magistrate Judge John S. Kaull dated September 10, 2009, and the pro se plaintiff, Jonathan Herndon's ("Herndon"), corresponding objections (dkt. no. 19). For the reasons that follow, the Court **ADOPTS** Magistrate Judge Kaull's R&R in its entirety (dkt. no. 17), **GRANTS** the defendant, City of Morgantown's ("Morgantown"), motion for summary judgment" (dkt. no. 9), **DENIES AS MOOT** Herndon's motion to appoint counsel(dkt. no. 10), **DISMISSES** the case **WITH PREJUDICE**, and **STRIKES** it from the Court's docket.

    On April 27, 2009, Herndon filed a complaint in the Circuit Court of Monongalia County, West Virginia (dkt. no. 7-1), alleging that Morgantown had deprived him of his constitutional right to liberty by incarcerating him within the city limits, unlawfully holding him against his will, and failing to adequately protect his rights. Id. On May 20, 2009, Morgantown removed the case to this

Court based on its original jurisdiction under 28 U.S.C. § 1331. (dkt. no. 3). The Court then referred the matter to United States Magistrate Judge John S. Kaull for initial screening and a report and recommendation in accordance with Local Rule of Prisoner Litigation 83.09.

On May 28, 2009, Morgantown filed a motion for summary judgment. (dkt. no. 8). Herndon followed on May 29, 2009, with a motion to appoint counsel. On June 8, 2009, Magistrate Judge Kaull served a Roseboro notice upon Herndon advising of his obligation to reply to Morgantown's motion for summary judgment. (dkt. nos. 14 & 16). Despite such notice, Herndon never responded to the motion and, on September 10, 2009, Magistrate Judge Kaull issued an R&R recommending that the Court grant Morgantown's motion for summary judgment, deny as moot Herndon's motion to appoint counsel, dismiss his case with prejudice, and strike it from the Court's docket.

In making these recommendations, Magistrate Judge Kaull found there were no genuine issues of material fact and, that, pursuant to Fed. R. Civ. Pro. that Morgantown was entitled to judgment as a matter of law. He reached this conclusion after reviewing the affidavit of Dan Boroff ("Boroff"), Morgantown's City Manager, that was attached as an exhibit to Morgantown's motion for summary judgment.

Boroff's affidavit stated that 1) the City of Morgantown has no input, direction, supervision, control, or involvement with the Federal Correction Institution ("FCI Morgantown") located in Monongalia County, West Virginia; 2) FCI Morgantown is not located within the city limits of the City of Morgantown; 3) the City of Morgantown has no authority or control over persons or entities not located within the city limits; 4) the City of Morgantown has no affiliation with FCI Morgantown in any way; and 5) the Morgantown Police Department played no role in the investigation, arrest or incarceration of Herndon.

Following the entry of Magistrate Judge Kaull's R&R, Herndon filed a "Response to Report and Recommendation/Opinion" (dkt. no. 19), in which he argued that he was unable to respond to Magistrate Kaull's R&R because he lacked legal counsel. He made no substantive arguments, nor attempted to refute Morgantown's motion.

In reviewing a magistrate judge's R&R, the Court reviews <u>de novo</u> any portions of the R&R to which a specific objection has been made, 28 U.S.C. § 636(b)(1), but may adopt, without explanation, any of the magistrate judge's recommendations to which objections are waived. <u>Camby v. Davis</u>, 718 F.2d 198, 199 (4th Cir. 1983). Here, Herndon has interposed no objections, specific or otherwise, to Magistrate Judge Kaull's R&R. The Court therefore adopts Magistrate Judge Kaull's recommendations in their entirety.

**HERNDON V. CITY OF MORGANTOWN**                                      **1:09CV69**

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Even had Herndon lodged objections to Magistrate Judge Kaull's recommendations, the Court would reach the same conclusions. Contrary to Herndon's allegations, Morgantown, a state municipality, has no legal authority to incarcerate him at FCI Morgantown, a federal institution. See 28 U.S.C. § 1915(e)(1)(2009). Nor is there any indication that it has done so.[1] Further, there are no indications that Morgantown gave any input or direction to, or supervised, controlled or was involved with FCI Morgantown or the Bureau of Prisons ("BOP"), in any way. See 18 U.S.C. § 3621 (2009). For these reasons, the Court finds that Herndon's claims are wholly without merit.

Even were Herndon's motion to appoint counsel not moot, its denial would nonetheless be appropriate. Although the Court may appoint counsel for an indigent in a civil action, that authority is discretionary and there is no constitutional right guaranteeing appointment of counsel. Furthermore, the Court's discretion to appoint counsel is not unlimited. The United States Court of Appeals for the Fourth Circuit has held that, in civil actions, the appointment of counsel should be allowed only in exceptional cases. See Cook v. Bounds, 518 F.2d 779, 779 (4th Cir. 1975) (emphasis

---

[1] Herndon was charged with, and pled guilty to, one count of conspiracy to distribute cocaine base in the United States District Court for the Western District of Virginia. As a result of his plea, he was sentenced to 120 months of incarceration to run concurrently to the State sentence he was already serving. Neither his crime, nor his plea took place in Morgantown, West Virginia.

**HERNDON V. CITY OF MORGANTOWN**                                    **1:09CV69**

**ORDER ADOPTING REPORT AND RECOMMENDATION**

added). The Court determines whether these circumstances exist on a case by case basis by examining the characteristics of each claim and litigant. <u>Whisenant v. Yuam</u>, 739 F.2d 160, 163 (4th Cir. 1984). Here, even when drawing all inferences in favor of Herndon, he clearly possesses no valid claim against Morgantown. The appointment of counsel therefore would not change the outcome of his case.

Therefore, as no exceptional circumstances exist permitting appointment of counsel, for the reasons discussed, the Court **ADOPTS** the Magistrate Judge's R&R in its entirety (dkt. no. 17), **GRANTS** Morgantown's motion for summary judgment (dkt. no. 9), **DENIES AS MOOT** Herndon's motion to appoint counsel (dkt. no. 10), **DISMISSES** this case **WITH PREJUDICE**, and **STRIKES** it from the Court's docket.

It is so **ORDERED.**

Pursuant to Fed. R. Civ. P. 58, the Court directs the Clerk of Court to enter a separate judgment order and to transmit copies of both orders to counsel of record and to the <u>pro se</u> plaintiff, certified mail, return receipt requested.

Dated: February 8, 2010.

<pre>                                        /s/ Irene M. Keeley
                                        IRENE M. KEELEY
                                        UNITED STATES DISTRICT JUDGE</pre>